FILED
2023 Jul-12 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CHARLES GOODRICH and ALEXANDRA GOODRICH** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **Vs** | * | **Civil Action No: 2:22-cv-21-MHH** |
| | * | |
| **PACIFIC INDEMNITY COMPANY; CHUBB INSURANCE GROUP;** | * | **ORAL ARGUMENT REQUESTED** |
| | * | |
| **Defendants** | * | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT**

Plaintiffs Charles and Alexandra Goodrich ("Goodriches"), pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, move for partial summary judgment against Defendant Pacific Indemnity Company, ("Pacific") as to liability under

Count One (Dwelling - Failure to Pay Reconstruction Costs);

Count Two (Failure to Pay Additional Living Expenses);

Count Three (Dwelling - Landscape);

Count Four (Bad Faith on Dwelling Claims, including Additional Living Expenses);

Count Four[1] (Breach of Contract - Contents Claim); and

[1] Plaintiffs mistakenly inserted two "Counts Four" which resulted in the subsequent counts being out of order. The description after the count number, (e.g. Breach of Contract - Contents Claim) are correct. Plaintiffs will file a Third Amended Complaint to correct the errors if the Court deems a correction will clarify the record.

Count Five (Bad Faith on Contents Claim)

This Motion for Partial Summary Judgment[2] seeks judgment as to the liability of Pacific for its refusal to pay the Goodriches claims pursuant to the Masterpiece insurance policy and Pacific's bad faith in denying the Goodriches' claims.

This Motion does not seek summary judgment for Alexandra Goodriches' claim for outrage. In looking at the overall case, if Plaintiffs do not prevail on their summary judgment motion for the bad faith counts, Alexandra Goodrich is not likely to prevail at the summary judgment stage on her count of outrage. Conversely, if the Plaintiffs are granted summary judgment on the bad faith counts, the outrage count can be easily and quickly presented in a bench trial.

Nor does this motion seek summary judgment on Plaintiffs' claim for tortuous interference. The tortuous interference claim is a separate claim within Plaintiffs' bad faith claims. The overall analysis applied to Alexandra's outrage claims applies here as well.

The claims for breach of contract and bad faith can be decided on summary judgment because there is no genuine dispute as to any material fact pertaining to

---

[2] The motion is for liability only because, if the Court finds in the Goodriches' favor, Charles and Ali each should be compensated for the mental anguish each has suffered due to Pacific's breach of contract. (See *Independent Fire Ins. Co. v. Lunsford*, 621 So.2d 977 (Ala. 1993)(affirming an award for mental anguish suffered due to an insurance company's refusal to pay for damage to an awning attached to a mobile home); *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337, 345 (Ala. 1993)(reversing summary judgment for defendant insurers where plaintiff had shown substantial evidence of a breach of contract and had suffered consequential damages such as emotional distress, mental anguish, and loss of income arising from the insurers' failure to pay)).

Pacific's liability and Plaintiffs are entitled to a judgment as a matter of law.

In support of this motion, the Goodriches offer their Brief in Support, which will be filed subsequently after the court generated document numbers are received, the exhibits which are on file and identified in brief by current document number and the following exhibits.

Enservio Claim Note: Adjuster says heavy smoke

May 4 - Global Settlement Offer to Haessig

May 15 2020 - letter from Moss

June 1, 2020 - Dauphin letter to Moss

June 26 2020 - letter from Moss

Nov 6, 2020 - letter from Moss

Mar 19, 2021 - Letter to Moss

May 19, 2021 - Letter from Moss

July 26, 2021 - Letter to Moss

| | |
|---|---|
| Jan 16 | Email from Ali to JE - Enservio undervalued numerous items |
| Jan 27 | Email from AA to JE - TCC framing estimate |
| Jan 29 | Email from JE to me - "non-fire damages |
| Feb 12 20 | TCC Estimate |
| Dec 24 | Email from JE to Dauphin - the master suite no need to be demolished |
| Mar 18 | JS Held Comparison of Construction Est. |
| Mar 18 | Email from Dauphin to JE - understanding of pressure blasting |
| Mar 20 | Email to Haessig with Letter and emails about JE |

Mar 20 Copies of emails attached to Letter to Haessig

Jan 20 Email from Ali to JE re: questions about replacement items

Dec 13 Palk memo - JE said demoing down to the studs

Mar 19 Email from Dauphin to JE - additional framing damage;

Jan 24 Email from AA to JE - saw smoke residue in Master Bedroom; Email from JE to AA - not expanding scope

Nov 19 19 Initial letter from JE

Oct 4 21 Letter from Dauphin to Moss rejecting offer based on reducing claims to reduce claims

Jan 21 20 email from Elliot to Ali - will pay the reasonable cost of blinds

JS Held review and scope of repair. Initial Field Report

Content Invoices w/letter from Iris

Mar 20 2020 Letter. To Chubb - W. Haessig

Ali's EUO

Goldsmith depo.

Dingler depo.

Zlotnik CV

Elliott Depo.

Brookstone contract

Haessig depo.

Rudoshko depo.

Palk depo.

Banach depo

Charles' EUO

Charles' depo

Apr 10 20 Letter from Haessig

TCC estimate (March 8, 2021)

Enservio Final CV176 Enservio 121 photos

Enservio 121 photos

Enservio 141 photos

Ensevio Claim Notes

Landscaping Proof of Loss

TCC demo payment

Ali's Depo.

Apr 16 Dauphin memo re: ALE's

Dec. 24, 2019 Email from CD to Elliott re: inspect walls

Aug. 9 2021Conference call acceptance

Aug 2021 emails from Moss asking for response to possible settlement.

JS Held / TCC Undisputed amount

Jan 29 2020 Email Elliott to Arrant re: trucks, damage

May 5 2020 Text about Black Jack re: moving plants

March 19 Email from CD to Elliott re: additional damage on TCC framing - photo

Ali's 2nd Affidavit

Pacific's Answers to Interrogatories

Wimbleton Lease - $4,500

Wimbleton Lease renewal - $5,500

| | |
|---|---|
| Exhibit A | The Masterpiece Policy |
| Exhibit B | Elliott's emails discussing the smoke remediation process |
| Exhibit C | The itemized list of repair costs which was submitted with the dwelling proof of loss and which included the remediation cost from Slade LLC. |
| Exhibit D | May 15, 2020 letter from Pacific Attorney Alycen Moss |
| Exhibit E | May 19, 2021 letter from Pacific Attorney Alycen Moss |
| Exhibit F | Contents Proof of Loss with detailed spreadsheet |
| Exhibit G. | Elliott's email of February 20, 2020 |
| Exhibit H | Affidavit of Iris Thorpe, owner of Iris & Co., an interior design firm, verifying the replacement cost |
| Exhibit I. | November 6, 2020 letter from Alycen Moss |
| Exhibit J | Landscaping Proof of Loss |
| Exhibit K | TCC Construction Estimate of Feb. 12, 2020 |
| Exhibit L | Global Settlement Offer from Goodriches |
| Exhibit M | Letter from Goodriches' lawyer to Alycen Moss |

WHEREFORE, Charles and Alexandra Goodrich requests this Court to grant summary judgment in their favor as to liability in Counts One, Two, Three Four, Four and Five.

Dated: July 12, 2023

Respectfully submitted,

/s/ Charles A. Dauphin
Charles A. Dauphin (DAU001)
cdauphin@dauphinparis.com

/s/ Diane Paris
Diane Paris
Email: diane@dauphinparis.com

Of counsel
DAUPHIN PARIS, LLC
300 Vestavia Parkway
Suite 3200
Birmingham, Alabama 35216
Telephone: 205.516.1058

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2023 have served a copy of the above and foregoing upon the following counsel via the CM/ECF electronic filing system:

Michael A. Montgomery
mmontgomery@butlerlegal.com
Butler Weihmuller Katz Craig LLP
P.O. Box 850368
Mobile, AL 36685-0368
Telephone: (251) 338-3801
Facsimile: (251) 338-3805

Alycen A. Moss
amoss@cozen.com
Cozen O'Connor
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, GA 30309
Telephone: (404) 572-2052
Facsimile: (877) 728-1396

/s/ Charles A. Dauphin
Of Counsel